# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 98-2807

————

Enterprise Rent-A-Car Company,

              Appellee,

v.

Rent-A-Wreck of America, Inc.,

              Appellant.

Appeal from the United States
District Court for the Eastern
District of Missouri.

————

Submitted: March 11, 1999

Filed: June 25, 1999

————

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and HANSEN, Circuit Judges.

————

FLOYD R. GIBSON, Circuit Judge.

Rent-A-Wreck of America, Inc. (RAW) appeals from an order of the district court[1] enforcing a settlement agreement between the parties and dismissing all claims filed in this trademark infringement action.  We affirm.

## I.    BACKGROUND

---

[1]The HONORABLE JEAN C. HAMILTON, Chief Judge, United States District Court for the Eastern District of Missouri.

Enterprise Rent-A-Car Company (Enterprise) has three registered service marks which it uses in its national advertising campaigns: "We'll Pick You Up," "Pick The Company That Picks You Up," and "Pick Enterprise. We'll Pick You Up." In January of 1996, RAW began using the phrase "And Of Course, They'll Pick You Up" in its advertising campaign. RAW utilized the phrase in nationally broadcast television and radio advertisements.

On April 7, 1998, Enterprise filed suit against RAW, claiming service mark infringement in violation of federal and state laws.[2] Enterprise also sought a preliminary injunction. On April 20, 1998, RAW answered Enterprise's complaint and filed a countersuit, seeking to cancel Enterprise's service marks pursuant to 15 U.S.C. § 1119 (1994).

Also on April 20, counsel for RAW sent Enterprise a letter, which stated in pertinent part:

Since we believe it is in the best interests of both parties to explore settlement prior to expanding the scope of the present proceedings, my client provided me with a proposal for resolving this conflict . . . . [w]e are willing to discontinue use of the phrase "And Of Course, They'll Pick You Up" and insert in lieu thereof any of the following:

1.  Rent-A-Wreck offers pick-up service;
2.  Rent-A-Wreck will pick you up;
3.  Free local pick-up;
4.  When can we pick you up?;
5.  Just call for pick-up.

---

[2]Specifically, Enterprise charged RAW with violating the Lanham Act, 15 U.S.C. §§ 1114, 1116-18, 1125(a), (c) (1994 & Supp. II 1996), Mo. Rev. Stat. § 417.061 (1994 & Supp. 1998), and with unfair competition under Missouri common law.

This proposal is made without any admission of liability and is solely for the purpose of exploring settlement.

J.A. at 51-52.

Enterprise interpreted RAW's letter as a settlement offer and, on April 22, orally accepted the offer by approving three of the five proposed alternative phrases.

Two days later, on April 24, 1998, counsel for RAW sent another letter to Enterprise. This letter stated RAW's position that the April 20 letter did not constitute a settlement offer but was merely intended "to understand [Enterprise's] position." Id. at 53. RAW's counsel stated that, "we do not believe [the approved alternative phrases] are appropriate for radio advertising . . . [nor that] this case [can] be settled based upon [Enterprise's] current position." Id. Enterprise responded to the second letter by informing RAW that it would seek a court order enforcing the agreement if RAW continued to disavow the settlement.

Shortly thereafter, RAW replied to Enterprise's threat to seek court enforcement of the settlement agreement. In a letter dated May 4, 1998, RAW's counsel opined that no settlement agreement had been reached. In support of its position, RAW pointed out that no agreement had been reached regarding several conditions of the purported agreement, including the payment of costs and attorneys' fees. Furthermore, RAW informed Enterprise that "[a]t the time we suggested phrases which could form the basis of resolving this case, we were unaware of the fact at least one other major competitor was using advertising language which [Enterprise] contended was prohibited" [sic].[3] Id. at 57.

_____

[3]RAW had learned that Advantage Rent-A-Car Company had been using the phrase "We'll Even Pick You Up" in its advertising campaigns since 1990.

On May 5, 1998, Enterprise filed a motion with the district court to enforce the settlement agreement. The district court held a motion hearing on May 27, 1998. During the hearing, the district court refused to allow RAW to present, as fully as RAW would have liked, evidence concerning Advantage Rent-A-Car's use of the "Pick You Up" phrase.

After hearing testimony and arguments from both parties, the district court found that the parties had entered into a binding settlement agreement on April 22, 1998 when Enterprise orally accepted RAW's settlement offer. The court found the terms of the agreement to be that RAW will discontinue using the phrase, "And Of Course They'll Pick You Up," and will use, in lieu thereof, one of the three approved alternative phrases.[4] The court further dismissed both parties' pending actions with prejudice and ordered each party to bear their own costs and attorneys' fees. RAW appeals the district court's order enforcing the settlement agreement and the court's exclusion of the Advantage Rent-A-Car evidence.

## II.    DISCUSSION

### A.    Settlement Agreement

In its first argument on appeal, RAW contends that the district court's finding regarding the existence of a settlement agreement was erroneous. The district court found that RAW's April 20 letter constituted a settlement offer, which Enterprise orally accepted on April 22. RAW argues that the district court's finding constitutes clear error and should be reversed. We disagree.

---

[4]The three approved phrases are: 1) Rent-A-Wreck offers pick-up service; 2) Free local pick-up; and 3) Just call for pick-up.

The district court's finding that a settlement offer was made and accepted is a factual one. See Vaughn v. Sexton, 975 F.2d 498, 506 (8th Cir. 1992). We review the district court's factual findings for clear error. See Fed. R. Civ. P. 52(a); Towers Hotel Corp. v. Rimmel, 871 F.2d 766, 771 (8th Cir. 1989) ("District court findings as to what the parties said or did must also be accepted on appeal unless clearly erroneous.") (internal quotations and citations omitted). Under that standard of review, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though . . . [we] would have weighed the evidence differently." Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985). We will not disturb the district court's findings unless we are "left with the definite and firm conviction that a mistake has been committed." Id. at 573 (internal quotation omitted).

Initially, we cannot say that the district court's finding that the April 20 letter constituted an offer of settlement was clearly erroneous. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Newman v. Schiff, 778 F.2d 460, 465 (8th Cir. 1985) (applying Missouri law) (internal quotations and citations omitted). The district court's determination that RAW intended the proposals made in its April 20 letter to be an offer, which Enterprise could either accept or reject, is certainly a plausible account of the evidence which we will not disturb.[5]

As we accept the district court's finding that RAW made a settlement offer to Enterprise, we next address the parties' contentions regarding the acceptance of the

---

[5]We find no merit in RAW's argument that the settlement agreement lacks essential terms and is therefore unenforceable. See Computer Network, Ltd. v. Purcell Tire & Rubber Company, 747 S.W.2d 669, 676 (Mo. Ct. App. 1988) ("A contract should not be held void for uncertainty unless there is no possibility of giving meaning to the agreement."). The district court did not err in giving effect to the settlement agreement.

offer. In testimony before the district court, witnesses for RAW and Enterprise offered widely divergent accounts of the April 22 telephone call which the court found constituted Enterprise's acceptance of RAW's April 20 offer.

Enterprise offered the testimony of Mr. Rudolph Telscher, counsel for Enterprise. Telscher testified that he understood the April 20 letter to be a settlement offer. See Hr'g Tr. at 17. He stated that he discussed the offer with Enterprise representatives. See id. Thereafter, he telephoned RAW's counsel, Mr. Michael Painter, on April 22 and accepted the offer on behalf of Enterprise. See id. at 18. Telscher stated that he explained to Painter that Enterprise found three of the five alternative phrases proposed by RAW acceptable. See id. at 19. Telscher testified that Painter was to memorialize the agreement. See id.

RAW offered the testimony of Mr. Painter. Painter testified that he did not intend the April 20 letter to be construed as an settlement offer. See Hr'g Tr. at 54. He stated that Telscher informed him, in their April 22 telephone conversation, that Enterprise had no objection to three of the five proposed alternative phrases. See id. at 58. Painter denied that he had agreed to memorialize the agreement, insisting that no agreement existed. See id. at 58-59.

As the district court correctly noted, the resolution of the issue of acceptance depends upon credibility determinations. "Credibility determinations are within the exclusive domain of the district court, and are virtually unreviewable on appeal." United States v. McCarthy, 97 F.3d 1562, 1579 (8th Cir. 1996) (internal citation omitted). We find no error in the district court's decision to credit the testimony of Telscher.

Upon review of the record, we cannot say that the district court clearly erred in finding that the April 20 letter constituted a settlement offer. Nor did the district court err in crediting the testimony of Enterprise's witness that the offer was orally accepted

on April 22. Thus, we affirm the district court's order enforcing the settlement agreement.

## B.     Exclusion of Evidence

As its next point on appeal, RAW argues that the district court should not have excluded evidence regarding Advantage Rent-A-Car's use of the "Pick You Up" phrase. Our review of a district court's decisions regarding the admissibility of evidence is limited. We will not reverse a ruling on admissibility "absent a clear and prejudicial abuse of discretion." Scheerer v. Hardee's Food Systems, Inc., 92 F.3d 702, 706 (8th Cir. 1996).

Initially, we note that the district court did not exclude the evidence. Upon review of the hearing transcript, it is apparent that RAW was allowed to introduce into evidence correspondence between Enterprise and Advantage and to question Enterprise's witness regarding the correspondence. See Hr'g Tr. at 34-46. The district court did prevent RAW from questioning its own witness about the correspondence following Enterprise's objection. The court asked counsel for RAW how the Advantage line of inquiry related to the motion to enforce settlement, to which counsel replied, "Actually, Your Honor, it doesn't." Id. at 82. We do not find the district court's decision to have RAW forego further questioning on this matter to be an abuse of discretion.

## III.   CONCLUSION

For the reasons set forth above, the judgment of the district court is affirmed.

Affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.